UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LITTLETHINGS, Inc., : No: 1:17-cv-04905-PAE
     Plaintiff, :
               :
   -against- : ECF Case
               :
CHRISTOPHER B. BRIDGES, :
     Defendant. :
               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF COMPLAINT

Christopher P. Beall (CB4590)
FOX ROTHSCHILD LLP
101 Park Avenue, 17th Floor
New York, New York 10178
Tel. (646) 601-7635
Fax. (212) 692-0940
cbeall@foxrothschild.com

*Counsel for Defendant Christopher B. Bridges*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

PLAINTIFF'S CONTENTIONS ..................................................................................... 2

ARGUMENT .................................................................................................................... 6

    I.    Standard of Review ........................................................................................ 6

    II.    Plaintiff's State-Law Claims Are Preempted By The Copyright Act. ..................... 7

        A.    Section 301(a) Preemption ........................................................................ 7

        B.    Preemption of Unfair Competition Claims ................................................ 8

        C.    Preemption of Unjust Enrichment Claims ............................................... 10

    III.    Plaintiff's Trademark Claims Are Barred By The *Dastar* Doctrine, And Fail To Present A Plausible Theory Of Infringement. ................................................. 11

CONCLUSION ............................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Agence France Presse v. Morel*,
 769 F. Supp. 2d 295 (S.D.N.Y. 2011)..............................................................................12, 13

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009).................................................................................................................6

*Atrium Group de Ediciones y Publicaciones, S.L. v. Harry N. Abrams, Inc.*,
 565 F. Supp. 2d 505 (S.D.N.Y. 2008)....................................................................................11

*ATSI Comm., Inc. v. Shaar Fund, Ltd.*,
 493 F.3d 87 (2d Cir. 2007).......................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007).................................................................................................................6

*Bonito Boats Inc. v. Thunder Craft Boats, Inc.*,
 489 U.S. 141, 167 (1989).........................................................................................................7

*Boyle v. Stephens, Inc.*,
 No. 97 Civ. 1351, 1998 WL 690816 (S.D.N.Y. Sept. 29, 1998), *aff'd*, 21 F.
 App'x 76 (2d Cir. 2001).........................................................................................................10

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*,
 373 F.3d 296 (2d Cir. 2004).........................................................................................7, 8, 11

*Cabello-Rondon v. Dow Jones & Co.*,
 No. 16-CV-3346 (KBF), 2017 WL 3531551 (S.D.N.Y. Aug. 16, 2017) .................................2

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002).................................................................................................2, 5

*Cmty. for Creative Non-Violence v. Reid*,
 490 U.S. 730 (1989).................................................................................................................7

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
 982 F.2d 693 (2d Cir. 1992)...............................................................................................8, 10

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
 546 F. Supp. 2d 120 (S.D.N.Y. 2008)....................................................................................12

*Cooley v. Penguin Grp. (USA) Inc.*,
 31 F. Supp. 3d 599 (S.D.N.Y. 2014)..................................................................................8, 12

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
   539 U.S. 23 (2003)..........................................................................................1, 11, 12, 13, 14

*Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*,
   707 F.3d 869 (7th Cir. 2013) ...............................................................................................12

*Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*,
   784 F. Supp. 2d 441 (S.D.N.Y. 2011)....................................................................................8

*Fioranelli v. CBS Broadcasting Inc.*,
   232 F. Supp. 3d 531 (S.D.N.Y. 2017).................................................................................6, 7

*Forest Park Pictures v. Universal Television Network, Inc.*,
   683 F.3d 424, 429 (2d Cir. 2012)...........................................................................................7

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
   409 F. Supp. 2d 259 (S.D.N.Y. 2005)................................................................................8, 10

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises*,
   Inc., 713 F. Supp. 2d 215, 233 (S.D.N.Y. 2010) ..................................................................12

*Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*,
   736 F.3d 213 (2d Cir. 2013)...................................................................................................2

*Global Network Communications, Inc. v. City of New York*,
   458 F.3d 150 (2d Cir. 2006)...................................................................................................2

*Gusler v. Fischer*,
   580 F. Supp. 2d 309 (S.D.N.Y. 2008)..................................................................................11

*Hirsch v. CBS Broad. Inc.*,
   No. 17 CIV. 1860 (PAE), 2017 WL 3393845 (S.D.N.Y. Aug. 4, 2017)..................................1

*Hudson v. Universal Pictures Corp.*,
   70 U.S.P.Q.2d 1727, 2004 WL 1205762 (E.D.N.Y. Apr. 29, 2004), *aff'd sub
   nom. Hudson v. Imagine Entm't Corp.*, 128 F. App'x. 178 (2d Cir. 2005) .............................8

*Hudson v. Universal Studios, Inc.*,
   No. 04-CV-6997, 2008 WL 4701488 (S.D.N.Y. Oct. 23, 2008), *aff'd*, 369
   Fed. Appx. 291 (2d Cir. 2010)........................................................................................1, 12

*Int'l Audiotext Network, Inc. v. American Tel. & Tel. Co.*,
   62 F.3d 69 (2d Cir. 1995).......................................................................................................2

*Kregos v. Associated Press*,
   3 F.3d 656 (2d Cir. 1993).......................................................................................................9

*L–7 Designs, Inc. v. Old Navy, LLC*,
    647 F.3d 419 (2d Cir. 2011)......................................................................................................6

*Lennon v. Seaman*,
    63 F. Supp. 2d 428 (S.D.N.Y. 1999).......................................................................................10

*Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*,
    868 F. Supp. 2d 172 (S.D.N.Y. 2012).....................................................................................14

*Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*,
    265 F.R.D. 106, 123 (S.D.N.Y. 2010) .....................................................................................2

*McCray v. Project Renewal, Inc.*,
    No. 15-CV-8494 (VEC), 2017 WL 715010 (S.D.N.Y. Feb. 22, 2017) ....................................2

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997)......................................................................................................8

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989)....................................................................................................14

*Silverstein v. Penguin Putnam, Inc.*,
    522 F. Supp. 2d 579 (S.D.N.Y. 2007)................................................................................9, 12

*Smith v. New Line Cinema*,
    No. 03-CV-5274, 2004 WL 2049232 (S.D.N.Y. Sept. 13, 2004)............................................12

*Stadt v. Fox News Network LLC*,
    719 F. Supp. 2d 312 (S.D.N.Y. 2010)................................................................................9, 10

*WNET v. Aereo*,
    871 F. Supp. 2d 281 (S.D.N.Y. 2012).......................................................................................9

**Statutes**

17 U.S.C. § 301.................................................................................................1, 7, 9, 10, 11, 13

New York General Business Law § 349................................................................................9, 10

**Other Authorities**

Rule 12(b)(6)..............................................................................................................................1, 2, 6

Rule 56 ...........................................................................................................................................2, 5

Defendant Christopher B. Bridges, known professionally as "Ludacris," respectfully submits this Memorandum of Law in support of his motion for dismissal of those claims in the Complaint (Doc. No. 1, June 29, 2017) by Plaintiff LittleThings, Inc., that are preempted by the Copyright Act or otherwise fail to state a basis for relief in light of the plaintiff's allegations concerning copying of the plaintiff's illustration from an online commentary published by LittleThings.com, those being, Counts Three through Eight of the Complaint.[1]

## INTRODUCTION

In what is otherwise a straight-forward dispute involving the transformation of artwork from an online article about feminine hygiene into an Instagram meme about the onset of summer, the plaintiff has elected to multiply the proceedings in this case with a kitchen sink of tag-along state-law claims and implausible allegations of trademark infringement. These additional claims – the sole gravamen of which is the very same copying that forms the basis of plaintiff's claim of copyright infringement – fail to state a basis for relief either because the state-law causes of action are preempted by the Copyright Act's preemption clause, 17 U.S.C. § 301(a), or because the trademark claims are foreclosed by the Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), and the line of authority preventing the use of trademark law as an "end run" around the precepts of the Copyright Act. *See, e.g.*, *Hudson v. Universal Studios, Inc.*, No. 04-CV-6997, 2008 WL 4701488, at *8 (S.D.N.Y. Oct. 23, 2008) ("Since *Dastar*, Lanham Act claims arising from the alleged copying

---

[1] As this Court has frequently made clear in the past, copyright fair use questions usually cannot be resolved at the pleading stage under Rule 12(b)(6), and as a result, Mr. Bridges reserves here his defense of LittleThings' claims under the Copyright Act (Counts One and Two) for later adjudication. *See, e.g.*, *Hirsch v. CBS Broad. Inc.*, No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *7 (S.D.N.Y. Aug. 4, 2017).

of creative work have been 'clearly foreclosed.'" (quoting *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 129 (S.D.N.Y. 2008))), *aff'd*, 369 Fed. Appx. 291 (2d Cir. 2010).

## PLAINTIFF'S CONTENTIONS

Mr. Bridges is a renown rap musician, as well as a television and film star. (Compl. ¶ 5.) LittleThings alleges that it is an internet publisher of "lifestyle" content at its website LittleThings.com, as well as on social media platforms such as Instagram and Facebook. (Compl. ¶ 3.) LittleThings contends that on March 16, 2017, it published an article by Ileana Paules-Bronet under the headline "Is Boob Sweat Normal? 8 Things Women Should Know About Sweating 'Under There,'" which includes a sequence of ten illustrations credited to "Laura Caselay for LittleThings."[2] (Compl. ¶¶ 12, 13.) The particular illustration at issue in this case, which the plaintiff characterizes as "a cartoon drawing," is the third in the article:

---

[2] The Complaint does not include a copy of the LittleThings article, apart from a citation to the URL where the article continues to be displayed. A complete and accurate copy of the at-issue article, as currently displayed on the LittleThings.com website, is attached as Exhibit 1 to the accompanying Verifying Declaration of Christopher P. Beall. Because this publication constitutes the explicit subject matter of the plaintiff's Complaint, and is cited in the plaintiff's pleadings, and is integral to the plaintiff's claims, the Court may consider this publication without converting this motion into one under Rule 56, as otherwise would be required by Rule 12(d). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (quoting *Int'l Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)); *see also Geron v. Seyfarth Shaw LLP (In re Thelen LLP)*, 736 F.3d 213, 219 (2d Cir. 2013); *Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006); *Cabello-Rondon v. Dow Jones & Co.*, No. 16-CV-3346 (KBF), 2017 WL 3531551, at *4 (S.D.N.Y. Aug. 16, 2017); *McCray v. Project Renewal, Inc.*, No. 15-CV-8494 (VEC), 2017 WL 715010, at *2 (S.D.N.Y. Feb. 22, 2017); *Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) ("[T]he Court may consider the Exhibits as part of the pleadings if these documents either are (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint.").

## Boob Sweat Solution #1: Apply Deodorant



Laura Caseley for LittleThings

(Beall Decl. Ex. 1, at 4.) Contrary to the allegations of the Complaint, the actual image as published at https://www.littlethings.com/boob-sweat/ (last accessed Aug. 25, 2017) does **not** display a © copyright symbol, or any other indication of a claim of copyright ownership apart from the artist's credit. (Beall Decl. Ex. 1, at 4; *compare* Compl. ¶ 15.) Similarly, although the at-issue cartoon does include the cloud-design mark registered by LittleThings, in the bottom-right corner of the image as an attribution icon, there is no ® or ™ trademark symbol associated with the icon and no other indication that the icon is a trademark. (Beall Decl. Ex. 1, at 4; *compare* Compl. ¶ 17.)

The Complaint alleges that Mr. Bridges published the following post on his Instagram feed:



(Compl. ¶ 28; Beall Decl. Ex. 2 (Ex. B to Cease and Desist Demand, May 24, 2017).[3])

---

[3] The version of the Mr. Bridges' post on Instagram shown in the Complaint is a cropped excerpt from the actual posting. (Compl. ¶ 28.) The full text of the post was contained in the "Exhibit B" attached to the May 24, 2017, demand letter sent to Mr. Bridges' counsel by counsel for LittleThings. (Beall Decl. Ex. 2.) Because the version of the full post displayed here is explicitly pleaded in the Complaint, and because it is the undisputed subject matter of the plaintiff's claims, and hence integral to the plaintiff's allegations, the Court may consider this

The Complaint asserts that this Instagram post appeared "adjacent" to a hyperlinked URL that, when clicked by a viewer, displayed a separate website – which is published at https://distrokid.com/ludacris (last accessed Aug. 25, 2017) – that promotes the Ludacris single "Vitamin D." (Compl. ¶ 30.) The Complaint contends that this separate webpage "encourages" consumers to purchase or stream the Ludacris song, but the Complaint carefully avoids what would otherwise be a plainly false allegation that this webpage itself actually sells or distributes the "Vitamin D" single. (*Id.*) In fact, a careful reading of the Complaint shows that despite making a sleight of hand reference to this separate "promotional webpage" on an entirely different website outside of the Instagram platform, the Complaint fails to assert any well-pleaded allegation that Mr. Bridges has engaged in any actual sale or distribution of goods or services of any kind on his Instagram account or in connection with the Instagram posting that displayed the LittleThings' cloud-design trademark as an attribution icon. (*Id.*) Rather, in its omissions, the Complaint can only be read to acknowledge that Mr. Bridges' Instagram feed under his Ludacris stage name amounts to a one-way internet billboard, rather than an interactive website, and there is no sale or delivery of any goods through this Instagram account. In the same vein, the Complaint also deftly avoids alleging any specific facts which would show that

Mr. Bridges used LittleThings' cloud-design mark – – in a commercial manner, or in any trademark manner at all (*see id.*), as opposed to its singular display in the bottom-right

---

publication as well without converting this motion into one under Rule 56. *See, e.g.*, *Chambers*, 282 F.3d at 153.

corner of the cartoon in the Instagram meme posted by Mr. Bridges. (*See* Beall Decl. Ex. 2 (Ex. B to Cease and Desist Demand, May 24, 2017)).)

## ARGUMENT

### I. Standard of Review

To avoid dismissal under Rule 12(b)(6), a plaintiff must state "the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). In other words, to survive a motion to dismiss, a plaintiff must plead specific non-conclusory facts that give rise to a plausible narrative supporting its claim. *See Twombly*, 550 U.S. at 570. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011); *see also Fioranelli v. CBS Broadcasting Inc.*, 232 F. Supp. 3d 531, 536 (S.D.N.Y. 2017). And of course, although well-pleaded factual allegations must be accepted as true at this stage of the proceeding, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## II. Plaintiff's State-Law Claims Are Preempted By The Copyright Act.

### A. Section 301(a) Preemption

A state's law is preempted when it operates in "a field of regulation which the [applicable federal] laws have reserved to Congress." *Bonito Boats Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 167 (1989). In enacting Section 301 of the Copyright Act, Congress explicitly reserved the field of regulation governing claims relating to works of authorship that seek to vindicate rights equivalent to those provided by the law of copyright. *See, e.g.*, *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (holding that the Copyright Act creates uniform law "by broadly pre-empting state statutory and common-law copyright regulation").

Section 301(a) states, in pertinent part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by § 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, . . . are governed exclusively by this title. [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

Copyright preemption applies whenever (1) "the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act," and (2) "the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004); *see also Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012); *Fioranelli*, 232 F. Supp. 3d at 541. A state-law claim that seeks to vindicate a right of authorship encompassed within the Copyright Act is preempted unless it

7

includes an "extra element" that makes it "***qualitatively*** different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305-06 (emphasis added). That extra element must be something in addition "'to the acts of reproduction, performance, distribution or display.'" *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 850 (2d Cir. 1997) (citation omitted). "To determine whether a claim meets this standard, [the court] must determine 'what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced.'" *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716-17 (2d Cir. 1992) (citations omitted). The Second Circuit has taken "a restrictive view of what extra elements transform an otherwise equivalent claim." *Briarpatch*, 373 F.3d at 306; *accord Nat'l Basketball Ass'n*, 105 F.3d at 851 (noting that Second Circuit precedent indicates "that the 'extra element' test should not be applied so as to allow state claims to survive preemption easily").

### B. Preemption of Unfair Competition Claims

Where "unfair competition claims are based on the very acts of producing and broadcasting allegedly infringing works that form the factual underpinning of [plaintiff's] copyright claims," they are preempted. *Freeplay Music, Inc. v. Cox Radio, Inc.*, 409 F. Supp. 2d 259, 263-64 (S.D.N.Y. 2005); *see also Cooley v. Penguin Grp. (USA) Inc.*, 31 F. Supp. 3d 599, 613-14 & n.91 (S.D.N.Y. 2014) (finding unfair competition claims "grounded solely in the copying of a plaintiff's protected expression are preempted" (quotation omitted)); *Hudson v. Universal Pictures Corp.*, 70 U.S.P.Q.2d 1727, 1731-32, 2004 WL 1205762 (E.D.N.Y. Apr. 29, 2004), *aff'd sub nom. Hudson v. Imagine Entm't Corp.*, 128 F. App'x. 178, 179 (2d Cir. 2005) (holding plaintiff's claim for unfair competition based on defendant's use of copyright script properly dismissed as preempted); *Eyal R.D. Corp. v. Jewelex N.Y. Ltd.*, 784 F. Supp. 2d 441,

8

447 (S.D.N.Y. 2011) (dismissing unfair competition cause of action where the cause of action failed to allege "something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying"); *WNET v. Aereo*, 871 F. Supp. 2d 281, 291-92 (S.D.N.Y. 2012) (holding unfair competition claim preempted because it was not qualitatively different from exclusive rights within general scope of Copyright Act and noting that "the Second Circuit has broadly precluded unfair competition claims involving misappropriation of a plaintiff's creative works, suggesting as a general position that such claims satisfy the 'general scope' requirement for preemption").

In addition, an "allegation that [defendant] also misrepresented [the work] as its own does not transform the claim into one qualitatively different from a copyright claim." *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 609 (S.D.N.Y. 2007) (finding claim preempted because "passing off" is not a necessary element of an unfair competition claim); *Stadt v. Fox News Network LLC*, 719 F. Supp. 2d 312, 322 (S.D.N.Y. 2010) (finding state-law unfair competition claim, which "center[ed] on the allegation that . . . [defendant] falsely presented the [work] as its own" was "essentially a claim of 'reverse passing off' and "does not constitute an extra element for preemption purposes because it is essentially a claim for unauthorized use of copyrightable material . . . [and] is therefore preempted under section 301" (citing cases)); *see also Kregos v. Associated Press*, 3 F.3d 656, 665-66 (2d Cir. 1993) (finding unfair competition claim preempted because it did not require "extra element").

In this case, LittleThings has alleged two state-law claims of unfair competition, one pursuant to New York General Business Law § 349, and the other apparently based on New York common law. (Compl. ¶¶ 74-80, 85-89 (Counts Five & Seven).) The Complaint fails to

9

specify what "acts and conduct" or "activities" (Compl. ¶¶ 76, 86) by Mr. Bridges are purported to constitute Mr. Bridges' unfair competition, apart from referencing the prior allegations of Mr. Bridges' use of the "It's That Time Of Year" meme in his Instagram feed. Thus, the sole basis of these claims is the copying and distribution of the Laura Caselay illustration from the LittleThings article. And in that context, the plaintiff's unfair competition claims are not qualitatively different from its copyright infringement claim, and any additional elements forming the structure of these state-law claims are not meaningfully different from the fundamental allegation that Mr. Bridges distributed the plaintiff's artwork. As such, the plaintiff's claims for unfair competition are preempted by Section 301(a) of the Copyright Act. *See Stadt*, 719 F. Supp. 2d at 322 (dismissing a claim under Section 349 of the New York General Business Law to be preempted); *Freeplay Music*, 409 F. Supp. 2d at 263-64 (holding common law unfair competition claim to be preempted); *see also Computer Assocs. Int'l*, 982 F.2d at 717 ("[U]nfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted.").

### C. Preemption of Unjust Enrichment Claims

As with unfair competition claims, claims for unjust enrichment arising from the alleged misuse of copyrighted works also are preempted pursuant to Section 301(a) of the Copyright Act. *See, e.g., Lennon v. Seaman*, 63 F. Supp. 2d 428, 436 (S.D.N.Y. 1999) ("[T]he gravamen of the plaintiff's unjust enrichment claim is unauthorized publication, and . . . does not involve rights 'different in kind' from those protected by federal copyright law."); *Boyle v. Stephens, Inc.*, No. 97 Civ. 1351, 1998 WL 690816, at *6 (S.D.N.Y. Sept. 29, 1998) (same), *aff'd*, 21 F.

App'x 76 (2d Cir. 2001). As this Court held in *Atrium Group de Ediciones y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505 (S.D.N.Y. 2008):

> The allegation that Plaintiffs failed to receive 'any advance payment, royalties, [or] remuneration of any kind whatsoever' from Defendants does not transform their copyright infringement claim into an unjust enrichment claim. If the law were otherwise, every time [a] copyright infringer obtained any profit from his infringing activity, the copyright owner would be able to assert a state claim for unjust enrichment. That would undermine § 301 preemption.

*Id.* at 509; *see also Gusler v. Fischer*, 580 F. Supp. 2d 309, 316-17 (S.D.N.Y. 2008) ("[A]lthough enrichment is not an element of a copyright infringement claim, it does not constitute an 'extra element' for the purposes of preemption analysis") (citing *Briarpatch Ltd., L.P.*, 373 F.3d at 307); 1 David Nimmer, *Nimmer on Copyright* § 1.01(B)(1)(g) ("[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter.")

In this case, the plaintiff makes absolutely no specific allegation concerning the nature of Mr. Bridges' conduct that warrants its claim for unjust enrichment other than to assert that the "conduct alleged herein" has resulted in unjust enrichment. (Compl. ¶¶ 90-91 (Count Eight).) Because the plaintiff's unjust enrichment claim is fundamentally nothing more than a state-law claim for unauthorized copying, it must be deemed preempted by the Copyright Act. *See, e.g.*, *Gusler*, 580 F. Supp. 2d at 316-17.

### III. Plaintiff's Trademark Claims Are Barred By The *Dastar* Doctrine, And Fail To Present A Plausible Theory Of Infringement.

In *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Supreme Court admonished that the Lanham Act may not be invoked as an end run around the copyright

laws or to add another layer of protection to copyright holders. *Id.* at 33-34 ("[I]n construing the Lanham Act, we have been careful to caution against the misuse or overextension of trademark and related protections into areas traditionally occupied by patent or copyright." (quotation marks and citation omitted)). The Lanham Act was "not designed to protect originality or creativity"—that is the province of copyright. *Id.* at 37. Thus, the Supreme Court held that where the good in question is "a communicative product ... such as a book or ... a video," the Lanham Act is not the appropriate regime under which to evaluate a plaintiff's claim of misuse of his expression. *Id.* at 33.

In the wake of the *Dastar* ruling, courts have recognized that one may not use unfair competition laws "to achieve what copyright law forbids." *Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707 F.3d 869, 872 (7th Cir. 2013); *see also Hudson v. Universal Studios, Inc.*, No. 04-CV-6997, 2008 WL 4701488, at *8 (S.D.N.Y. Oct. 23, 2008) ("Since *Dastar*, Lanham Act claims arising from the alleged copying of creative work have been 'clearly foreclosed.'"), *aff'd*, 369 Fed. Appx. 291 (2d Cir. 2010) ("Because the factual underpinnings of Hudson's Lanham Act claim are identical to those of his copyright claim, the Lanham Act claim must fail.") (quoting *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F. Supp. 2d 120, 129 (S.D.N.Y. 2008)); *cf. Cooley*, 31 F. Supp. 3d at 613 (dismissing Section 43(a) claims based on *Dastar*); *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 307 (S.D.N.Y. 2011) (same); *Gary Friedrich Enterprises, LLC v. Marvel Enterprises*, Inc., 713 F. Supp. 2d 215, 233 (S.D.N.Y. 2010) (same); *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 601 (S.D.N.Y. 2007) (same); *Smith v. New Line Cinema*, No. 03-CV-5274, 2004 WL 2049232, at *3–4 (S.D.N.Y. Sept. 13, 2004) (same).

In this context, as the Supreme Court made clear in *Dastar*, when a plaintiff holds a copyright for the work at issue in a Lanham Act claim, "his recourse for unauthorized copying . . . lies in copyright law, not in trademark." *Agence France Presse*, 769 F. Supp. 2d at 307-08.

For its trademark claims in this case, LittleThings seeks to recover for trademark infringement under both the federal Lanham Act (Counts Three & Four) and under New York's common law (Count Six). (Compl. ¶¶ 58-65, 66-73, & 81-84.) All three of these claims are each premised on the display of LittleThings' cloud-design mark – ☁ – in the bottom right corner of the meme that was posted to the Ludacris Instagram feed. (Compl. ¶¶ 60, 70, & 82.) The Complaint asserts wholly conclusory allegations that this display of the LittleThings attribution icon was "likely to cause confusion, or to cause mistake" as to the "source or sponsorship" of Ludacris' services. (Compl. ¶ 60.) In so doing, the Complaint alleges exactly the kind of "passing off" theory that the *Dastar* doctrine holds is reserved to the Copyright Act, and which is not amenable to a trademark claim. *See, e.g.*, *Agence France Presse*, 769 F. Supp. 2d at 306-07.

Moreover, the Plaintiff's conclusory allegations fail to present a plausible theory as to how any consumer confusion could arise concerning the origin of Mr. Bridges' music and entertainment services merely from the placement of the cloud-design icon in the bottom-right corner of a meme posted to Instagram, where the Complaint does not allege any facts – because none exist – showing that Mr. Bridges displayed the cloud-design icon in connection with any actual sale or offer for sale of his "Vitamin D" song. Rather, the Complaint is utterly silent as to how a consumer could confuse the source of Mr. Bridges' music based on the separate display,

13

within an Instagram feed, on a single posting, in the bottom-right corner of a single meme, of an icon that has no ® or ™ trademark marking. In this silence lies the absence of any plausible theory of consumer confusion. As such, in addition to being barred by the *Dastar* doctrine, the Plaintiff's trademark claims are simply implausible under *Iqbal*/*Twombly*. *Compare Louis Vuitton Malletier S.A. v. Warner Bros. Entm't Inc.*, 868 F. Supp. 2d 172, 182-83 (S.D.N.Y. 2012) (holding that any confusion created by a display of the plaintiff's trademark in a film was "at most indirect and thus 'too slight to warrant application of the Lanham Act.'" (quoting *Rogers v. Grimaldi*, 875 F.2d 994, 1000 (2d Cir. 1989)).

## CONCLUSION

In light of the foregoing, the Court should dismiss the third through eighth putative causes of action set out in the Complaint.


Dated: August 25, 2017　　　　　　　　　　　Respectfully submitted,
　　　　New York City, New York

　　　　　　　　　　　　　　　　　　　　　FOX ROTHSCHILD LLP


　　　　　　　　　　　　　　　　　　　　　By:　/s Christopher P. Beall
　　　　　　　　　　　　　　　　　　　　　　　Christopher P. Beall
　　　　　　　　　　　　　　　　　　　　　101 Park Avenue, 17th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10178
　　　　　　　　　　　　　　　　　　　　　Tel. (646) 601-7635
　　　　　　　　　　　　　　　　　　　　　Fax. (212) 692-0940
　　　　　　　　　　　　　　　　　　　　　cbeall@foxrothschild.com

　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Christopher B. Bridges*

## CERTIFICATE OF SERVICE

      I hereby certify that on this  25th   day of   August, 2017, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL** was filed with the Court through the ECF system, which generates an electronic notice of service by email delivery to all counsel of record.


                                      *s/ Christopher P. Beall*
                                      Christopher P. Beall