UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
LITTLETHINGS, INC.,

        Plaintiff,

v.

CHRISTOPHER B. BRIDGES a/k/a LUDACRIS,

        Defendant.

------------------------------------------------------------- X

No. 1:17-cv-04905-PAE
ECF Case

**AMENDED COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Plaintiff LITTLETHINGS, INC. ("LittleThings" or "Plaintiff"), as and for its Amended Complaint against defendant CHRISTOPHER B. BRIDGES a/k/a LUDACRIS ("Defendant"), alleges as follows:

## I.    <u>NATURE OF ACTION</u>

1. This is an action seeking damages and injunctive relief arising from Defendant's cyberpiracy and unauthorized use of LittleThings' valuable copyright-protected original artwork and trademarked logo, in violation of the Copyright Act; the Lanham Act; New York State's Deceptive Trade Practices Act (New York General Business Law § 349) and constituting common law trademark infringement; common law unfair competition; and unjust enrichment.

## II.    <u>THE PARTIES</u>

2. Plaintiff LittleThings is a Delaware State corporation with its principal place of business located at 21 Penn Plaza, New York, New York 10001.

3. LittleThings is a leading digital publisher of a wide variety of engaging and meaningful lifestyle media on the Internet. LittleThings generates revenue by and through, *inter alia*, the creation and publication of original articles, artwork and other digital media via the LittleThings website (https://www.littlethings.com), Instagram and other social media platforms.

{00128389;2}

4.  Upon information and belief, Defendant is a Georgia State resident with an address located at 3683 Demooney Road, College Park, Georgia 30349.

5.  Defendant is an international music, movie and television celebrity with millions of fans worldwide. As a result of his fame, Defendant has developed a strong social media presence. For example, over nineteen million people follow Defendant's Facebook page, twelve million people follow his Twitter account and 8.6 million people follow his Instagram account. Defendant uses his social media accounts, including his Instagram account, to advertise and promote his various albums, singles, music videos, television programs and movies.

6.  As a result of the foregoing, Defendant generates substantial revenue using his social media presence and, in particular, his Instagram account.

### III.  JURISDICTION AND VENUE

7.  This action arises, in part, under the Copyright Act (17 U.S.C. § 101, *et seq.*) and the Lanham Act (15 U.S.C. § 1051, *et seq.*).

8.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9.  Additionally, the Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

10. Defendant has engaged in infringing activities that have caused LittleThings injury in this district, and is otherwise subject to personal jurisdiction in this district.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### IV.  GENERAL ALLEGATIONS

A.  **LittleThings' Business and Its Promotion and Protection of Its Intellectual Property**

12. LittleThings is the largest women's digital lifestyle publisher in the United States, with over 100 million monthly visitors to its website and more than 20 million fans across various social networks.

13. LittleThings employs more than One Hundred and Ten (110) full-time employees in New York City, Los Angeles and Chicago.

14. LittleThings invests heavily in developing, creating, producing, distributing and protecting its original content and intellectual property, for which LittleThings regularly seeks copyright and/or trademark protection, as appropriate.

15. LittleThings also expends substantial sums promoting and advertising its brand and content.

**B.  LittleThings' Copyright-Protected Work**

16. On or about March 16, 2017, LittleThings first published an article on its website entitled *Is Boob Sweat Normal? 8 Things Women Should Know About Sweating 'Under There'* (https://www.littlethings.com/boob-sweat/) (the "Article").

17. The Article features the following original piece of artwork, created and owned exclusively by LittleThings, which depicts a cartoon drawing of a woman with her left arm stretched across her body under her rib cage, and a deodorant stick in her right hand (the "Artwork"):



**LittleThings' Copyright-Protected Work**

18. On June 7, 2017, within three months after first publication of the work, LittleThings registered the copyright subsisting in the Article and the Artwork under United States law in strict conformity with the Copyright Act (Reg. No. VA0002050662) (the "Copyright-Protected Work") to protect against unauthorized use, infringement and consumer confusion.

19. LittleThings' registration of the Copyright-Protected Work constitutes *prima facie* evidence of the validity of the copyright and its ownership by LittleThings.

20. LittleThings' copyright in the Copyright-Protected Work is valid and subsisting.

21. The Copyright-Protected Work contains clear and conspicuous copyright management information including, without limitation, the © symbol (located at the bottom of the Article), the LittleThings name and the name of the LittleThings employee who created the Artwork on its behalf (in the lower left-hand corner) and LittleThings' trademarked cloud design mark (in the lower right-hand corner).

C. **LittleThings' Trademarked Cloud Design**

22. LittleThings is the exclusive owner of all common law rights, title and interest in and to the following design service mark, as well as all goodwill associated therewith, in connection with the provision of quality digital media publishing, entertainment and marketing services, as well as other services offered by LittleThings (the "LittleThings Mark"):



23. On July 12, 2016, LittleThings registered the LittleThings Mark with the U.S. Patent and Trademark Office (Reg. No. 4,996,756) covering "multimedia publishing of software, games and electronic publications; and providing information, news and commentary in the field

of entertainment" in International Class 41, and "providing a web site that gives computer users the ability to upload and share user-generated videos, essays and articles on a wide variety of topics and subjects" in International Class 42.

24. LittleThings has used the LittleThings Mark in commerce throughout the United States since at least 2014.

25. LittleThings' use of the LittleThings Mark has been continuous, exclusive and extensive.

26. Indeed, LittleThings has expended a tremendous amount of time, effort and money to use and promote its services continuously and widely under the LittleThings Mark.

27. For example, the LittleThings Mark: (i) is currently featured on the Nasdaq billboard in Times Square; (ii) is used as the logo for the LittleThings channel on numerous video content provider platforms including, without limitation, Roku, Amazon, Apple, Pluto.tv and Xumo; (iii) is featured prominently in LittleThings' broadcasts of its original live video programming; and (iv) appears repeatedly throughout nearly every article and piece of digital media on LittleThings' website and social media pages including, without limitation, its three (3) Instagram accounts.

28. As a result of LittleThings' substantial investment in advertising and promotion of the LittleThings Mark, LittleThings has developed substantial goodwill and attained strong name recognition in the LittleThings Mark and, as such, LittleThings considers the LittleThings Mark among its most important assets.

29. The LittleThings Mark appears clearly and conspicuously in the lower right-hand corner of the Artwork.

**D.     Defendant Wrongfully Uses the Copyright-Protected Work and the LittleThings Mark in Violation of LittleThings' Exclusive Rights in and to its Intellectual Property.**

30.     Defendant registered, operates and controls the "Ludacris" Instagram account and profile located at https://www.instagram.com/ludacris/ (the "Instagram Profile").

31.     Upon information and belief, Defendant derives significant direct and indirect financial benefits from his Instagram Profile by publicizing and marketing himself, his products and services, and/or those of third parties who compensate Defendant for such promotions, and by publishing digital entertainment and media therethrough in order to raise his public business profile.

32.     Thus, both Defendant and LittleThings offer substantially similar services including, without limitation, digital media publishing, entertainment and marketing services provided over the Internet and via Instagram.

33.     In or about May 2017, Defendant published on his Instagram Profile the following artwork, which is essentially identical to the Copyright-Protected Work, with the overlaid text "IT'S THAT TIME OF THE YEAR" (the "Infringing Artwork"):



34.     Notably, the exact LittleThings Mark appears clearly and conspicuously in the lower right-hand corner of the Infringing Artwork.

35. In posting the Infringing Artwork, Defendant copied, reproduced, prepared derivative works from, distributed copies to the public of, and/or displayed publicly, the Copyright-Protected Work, without permission.

36. Defendant published the Infringing Artwork on his Instagram Profile for, *inter alia*, entertainment and marketing purposes.

37. As of May 23, 2017, the Infringing Artwork had at least 22,043 "likes" and, undoubtedly, hundreds of thousands of additional consumers separately clicked on and/or viewed the Infringing Artwork.

38. Significantly, the Infringing Artwork appeared on the Instagram Profile adjacent to a hyperlinked URL that directed users to a webpage promoting Defendant's recently released "Vitamin D" song and music video. The promotional webpage encouraged consumers to purchase and stream Defendant's song through iTunes, Spotify and other online music platforms.

39. Long after LittleThings had established exclusive rights and substantial goodwill in and to the LittleThings Mark, Defendant used the LittleThings Mark in commerce, by and through the Infringing Artwork, to advertise and publicize himself and his products and services on the Internet in a manner likely to confuse consumers as to Defendant's association, affiliation, endorsement or sponsorship with or by LittleThings.

40. Defendant derived significant economic value from, *inter alia*, the fact that the hyperlinked URL appearing adjacent to the Infringing Artwork delivered consumers not to LittleThings' website but, instead, to Defendant's promotional website.

41. Defendant's use of the LittleThings Mark causes confusion and mistake and is likely to deceive the public regarding the origin, affiliation, association, connection and/or endorsement of Defendant's products or services, Defendant's Instagram Profile and/or Defendant with or by LittleThings.

42. Defendant's infringing activities display a conscious disregard for LittleThings' intellectual property rights and are calculated to, and actually do, deceive consumers about the source and quality of the respective products and services offered by LittleThings and Defendant, respectively.

43. At no time has LittleThings authorized or consented to Defendant's use of either the Copyright-Protected Work or the LittleThings Mark.

44. Defendant has never compensated LittleThings for Defendant's unauthorized use of the Copyright-Protected Work or the LittleThings Mark.

45. LittleThings has never endorsed Defendant's products or services, Defendant's Instagram Profile or Defendant. Specifically, none of Defendant's products or services, Defendant's Instagram Profile or Defendant are approved, endorsed or sponsored by LittleThings.

46. LittleThings has performed all conditions precedent necessary to maintain the instant action that have not been otherwise waived or excused.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement
### (17 U.S.C. § 101, *et seq.*)

47. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

48. The Copyright-Protected Work constitutes an original work of authorship and copyright-protectable subject matter under the laws of the United States.

49. LittleThings is the exclusive owner of all rights, title and interest in and to the Copyright-Protected Work.

50. Defendant had and has access to, and actual knowledge of, the Copyright-Protected Work.

51. Defendant copied, reproduced, prepared derivative works from, distributed copies to the public of, and/or displayed publicly, the Copyright-Protected Work without the consent or authority of LittleThings, thereby directly infringing LittleThings' copyright.

52. Defendant's copies, reproductions, derivative works, distributions and/or displays are identical and/or substantially similar to the Copyright-Protected Work.

53. The foregoing acts of cyberpiracy by Defendant constitute direct copyright infringement of LittleThings' exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

54. Upon information and belief, Defendant's actions were and are intentional, willful, wanton and performed in disregard of LittleThings' rights.

55. LittleThings has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful infringement of LittleThings' rights, in an amount to be ascertained at trial.

56. Further, Defendant's conduct has caused irreparable and incalculable harm and injury to LittleThings and, unless enjoined, will cause further irreparable and incalculable injury, for which LittleThings has no adequate remedy at law.

57. Based upon the foregoing, LittleThings is entitled to the relief provided by 17 U.S.C. §§ 502–05 including, but not limited to, injunctive relief, an order for the impounding and destruction of all of Defendant's infringing copies and/or derivative works, compensatory damages (including, but not limited to, actual damages and/or Defendant's profits), statutory damages and LittleThings' costs and attorneys' fees in amounts to be ascertained at trial, together with pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Removal and/or Alteration of Copyright Management Information
### (17 U.S.C. § 1202)

58. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

59. Defendant removed and/or altered copyright management information from the Copyright-Protected Work without LittleThings' authority and with the knowledge or reason to know that Defendant's removal and/or alteration would induce, enable, facilitate and/or conceal infringement of LittleThings' copyright.

60. Defendant associated his own false copyright management information with LittleThings' Copyright-Protected Work by and through the Infringing Artwork.

61. Defendant's actions violate Section 1202 of the Copyright Act, 17 U.S.C. § 1202.

62. Defendant's actions were and are intentional, willful, wanton and performed in disregard of LittleThings' rights, as demonstrated by Defendant's clear and conspicuous inclusion of the LittleThings Mark in the Infringing Artwork.

63. LittleThings has been and will continue to be damaged, and Defendant has been unjustly enriched, by Defendant's unlawful removal and/or alteration of LittleThings' copyright management information from the Copyright-Protected Work, in an amount to be proven at trial.

64. Further, Defendant's conduct has caused irreparable and incalculable harm and injuries to LittleThings and, unless enjoined, will cause additional irreparable and incalculable injury, for which LittleThings has no adequate remedy at law.

65. Based upon the foregoing, LittleThings is entitled to the relief provided by 17 U.S.C. § 1203 including, but not limited to, injunctive relief, an order for the impounding and destruction of all of Defendant's devices/products involved in the subject violation, compensatory damages (including, but not limited to, actual damages and/or Defendant's profits), statutory

damages, punitive damages and LittleThings' costs and attorneys' fees in amounts to be determined at trial, together with pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### Federal Trademark Infringement
### (15 U.S.C. § 1114)

66. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

67. LittleThings owns U.S. registration no. 4,996,756 for the LittleThings Mark, which is in full force and effect and is enforceable.

68. The LittleThings Mark was distinctive and widely recognized at the time of Defendant's infringing conduct alleged herein, and continues to be distinctive and widely recognized.

69. Upon information and belief, Defendant knowingly used the LittleThings Mark in commerce without the consent of LittleThings, in connection with substantially similar services as those offered by LittleThings including, without limitation, digital media publishing, entertainment and marketing services provided over the Internet and via Instagram.

70. Defendant's use of the LittleThings Mark in commerce is likely to cause confusion or mistake, or to deceive consumers in the United States, as to the source or sponsorship of Defendant's products or services.

71. Defendant's infringing acts include, without limitation, the distribution of advertising bearing the LittleThings Mark; the promotion of products and services bearing the LittleThings Mark on one or more Internet websites; and the direct, indirect and/or cooperative offering of services bearing the LittleThings Mark in the United States.

72. Defendant's use of the LittleThings Mark infringes upon LittleThings' superior rights in and to the mark.

{00128389;2}11

73. Defendant's infringing activities constitute intentional, willful use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the registered LittleThings Mark in connection with substantially similar services as those offered by LittleThings including, without limitation, digital media publishing, entertainment and marketing services provided over the Internet and via Instagram.

74. Defendant's infringing activities are likely to cause confusion or mistake, or to deceive, in violation of LittleThings' rights under 15 U.S.C. § 1114.

75. LittleThings has sustained actual damages as a result of Defendant's infringing activities in an amount to be ascertained at trial.

76. Further, upon information and belief, unless enjoined by this Court under 15 U.S.C. § 1116 and the equitable powers of this Court, Defendant will persist in his activities, thereby causing additional irreparable and continuing harm to LittleThings' business, reputation and goodwill.

77. Based upon the foregoing, LittleThings is entitled to: a disgorgement of Defendant's profits; actual damages; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117(b) or, at the election of LittleThings, statutory damages pursuant to 15 U.S.C. § 1117(c), along with pre-judgment and post-judgment interest; and an injunction preventing Defendant from continuing to cause irreparable harm to LittleThings' business, reputation and goodwill by infringing LittleThings' intellectual property rights in and to the LittleThings Mark.

### FOURTH CLAIM FOR RELIEF
**False Designation of Origin or Association and Unfair Competition**
**(15 U.S.C. § 1125(a))**

78. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

79. LittleThings is the owner of the valid and protectable LittleThings Mark.

80. LittleThings' use of the LittleThings Mark has affected, and continues to affect, interstate commerce.

81. Upon information and belief, Defendant knowingly used the LittleThings Mark in commerce without the consent of LittleThings, in connection with substantially similar services as those offered by LittleThings including, without limitation, digital media publishing, entertainment and marketing services provided over the Internet and via Instagram.

82. Defendant thereby misappropriated to himself the benefits of LittleThings' work, labor, intellectual property and investment.

83. Defendant's unauthorized use of the LittleThings Mark in commerce is likely to cause consumer confusion, mistake or to deceive as to the affiliation, connection or association with, and/or endorsement or approval by LittleThings of, Defendant's products and/or services.

84. Upon information and belief, Defendant's unauthorized use of the LittleThings Mark was done knowingly, willfully, intentionally and in bad faith, and constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85. Defendant's acts are greatly and irreparably damaging to LittleThings and its LittleThings Mark, and will continue to be greatly and irreparably damaging to LittleThings and its LittleThings Mark, as a result of which, LittleThings is without an adequate remedy at law.

86. Based upon the foregoing, LittleThings is entitled to an injunction preventing Defendant from continuing to cause irreparable and continuing harm to LittleThings' business, reputation and goodwill by infringing LittleThings' intellectual property rights in and to the LittleThings Mark; a disgorgement of Defendant's profits; actual damages in an amount to be ascertained at trial; and treble damages, together with attorneys' fees pursuant to 15 U.S.C. § 1117(b); and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF
### Unlawful Deceptive Trade Acts and Practices
### (N.Y. Gen. Bus. Law § 349)

87. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

88. Defendant "conducted a business" and "furnished a service," as those terms are used in New York General Business Law § 349 (the "Deceptive Trade Practices Act").

89. Defendant knowingly and willfully violated the Deceptive Trade Practices Act by his conduct as detailed above herein including, *inter alia*, by unlawfully and without authorization using the LittleThings' Mark in commerce in a manner that is materially misleading, unfair, deceptive and contrary to public policy and standard business practices.

90. Defendant thereby misappropriated to himself the benefits of LittleThings' work, labor, intellectual property and investment.

91. Defendant's acts and practices have had, and will continue to have, a broad impact on consumers at large including, but not limited to, those residing in New York State. Specifically, Defendant's use and advertisement of the LittleThings Mark in New York State in connection with substantially similar products and/or services as those offered by LittleThings, caused public confusion and difficulty in distinguishing between LittleThings' and Defendant's respective products and/or services, and/or as to a connection or affiliation between Defendant and LittleThings, or permission from LittleThings, that does not exist.

92. Unless enjoined by this Court under New York General Business Law § 349(h) and the equitable powers of this Court, Defendant will continue to cause irreparable and continuing harm to the consumers of New York State, as well as to the business, reputation and goodwill of LittleThings.

93. LittleThings has also sustained actual damages as a result of Defendant's deceptive acts and practices in an amount to be ascertained at trial.

94. Based upon the foregoing, LittleThings is entitled to: (i) actual damages and treble damages in an amount to be ascertained at trial, together with attorneys' fees pursuant to New York General Business Law § 349(h) and pre-judgment and post-judgment interest; and (ii) an injunction preventing Defendant from continuing to cause irreparable and continuing harm to the consumers of New York State, as well as to the business, reputation and goodwill of LittleThings by infringing upon LittleThings' intellectual property rights in and to the LittleThings Mark.

## SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement

95. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

96. Defendant's unauthorized use of the LittleThings Mark to promote, advertise, market and/or sell his products and services is likely to cause public confusion, mistake and deception as to the identity and origin of Defendant's products and services, or as to a connection or affiliation with LittleThings, or permission from LittleThings, that does not exist, causing irreparable harm to LittleThings for which there is no adequate remedy at law. Defendant's conduct thus constitutes common law trademark infringement.

97. Despite his actual and constructive knowledge of LittleThings' ownership and prior use of the LittleThings Mark, Defendant used the LittleThings Mark without LittleThings' authorization or consent.

98. Defendant's actions are deliberate and willful and have been committed with the intention of trading upon the valuable goodwill built up by LittleThings in the LittleThings Mark.

99. As a result of Defendant's actions, LittleThings has sustained injury, damage and loss.

100. Based upon the foregoing, LittleThings is entitled to damages in an amount to be ascertained at trial, together with attorneys' fees and pre-judgment and post-judgment interest.

### SEVENTH CLAIM FOR RELIEF
### Common Law Unfair Competition

101. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

102. The LittleThings Mark is distinctive and unique and is widely recognized by consumers as being associated with LittleThings.

103. Upon information and belief, Defendant knowingly used the LittleThings Mark in commerce without the consent of LittleThings, in connection with substantially similar services as those offered by LittleThings including, without limitation, digital media publishing, entertainment and marketing services provided over the Internet and via Instagram.

104. Defendant thereby misappropriated to himself the benefits of LittleThings' work, labor, intellectual property and investment.

105. Defendant's unauthorized and unlawful use of the LittleThings Mark in commerce is likely to cause consumer confusion, mistake or to deceive as to the affiliation, connection or association with, and/or endorsement or approval by, LittleThings of Defendant's products and/or services.

106. Defendant's unauthorized and unlawful use of the LittleThings Mark in commerce has been, and will continue to be, committed willfully and with full knowledge of the rights of LittleThings, and done with the intention of: deceiving and misleading the public; wrongfully misappropriating and trading upon the nationally recognized value of the goodwill and reputation

associated with the LittleThings Mark; and benefiting from, and depriving LittleThings of, the benefits arising from the reputation and goodwill associated with LittleThings and the LittleThings Mark.

107. The above-described actions constitute unfair competition in violation of the common law of the State of New York.

108. LittleThings has sustained actual damages as a result of Defendant's wrongful conduct in an amount to be ascertained at trial.

109. Upon information and belief, Defendant's conduct is fraudulent, malicious and oppressive, and otherwise qualifies for the imposition of punitive damages under New York State law.

110. LittleThings has also sustained irreparable harm as a result of Defendant's wrongful conduct for which there is no adequate remedy at law.

111. Based upon the foregoing, LittleThings is entitled to: (i) actual damages and treble damages in an amount to be ascertained at trial, together with attorneys' fees and pre-judgment and post-judgment interest; and (ii) an injunction preventing Defendant from continuing to cause irreparable and continuing harm to LittleThings' business, reputation and goodwill by infringing LittleThings' intellectual property rights in and to the LittleThings Mark.

### EIGHTH CLAIM FOR RELIEF
**Unjust Enrichment**

112. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 46 above as if specifically set forth herein in their entirety.

113. As set forth above, Defendant wrongfully and intentionally violated LittleThings' rights in and to its valuable LittleThings Mark.

114. Defendant profited from his unauthorized use of the LittleThings Mark.

115. Defendant has never compensated LittleThings for his use of the LittleThings Mark.

116. As a result, Defendant has been and will be unjustly enriched to LittleThings' detriment, in an amount to be ascertained at trial.

117. Based upon the foregoing, LittleThings is entitled to a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Defendant's inequitable activities, together with pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, LittleThings prays for relief as follows:

1. The Court issue an Order preliminarily and permanently enjoining Defendant and his agents, servants, employees, affiliates (including affiliate marketing partners), attorneys and all others acting in privity or in concert with them, and their respective parents, subsidiaries, divisions, successors and assigns, as applicable, from:

    a. Copying, reproducing, preparing derivative works from, distributing copies to the public of, and/or publicly displaying, the Copyright-Protected Work;

    b. Removing and/or altering copyright management information from the Copyright-Protected Work;

    c. Directly or indirectly infringing the LittleThings Mark or using any other designations similar to, or likely to cause confusion with, the LittleThings Mark;

    d. Passing off Defendant or Defendant's products or services as being sponsored by and/or associated or affiliated with LittleThings; and

    e. Committing any other unfair business practices directed toward obtaining for Defendant the business and customers of LittleThings; devaluing or diminishing the brand or business of LittleThings; and/or deceiving or confusing the consuming public;

2.  Actual damages suffered by LittleThings as a result of Defendant's unlawful conduct, in an amount to be ascertained at trial, as well as pre-judgment and post-judgment interest as authorized by law;

3.  Statutory damages pursuant to 17 U.S.C. §§ 504 and 1203;

4.  Reasonable funds for future corrective advertising;

5.  An accounting of Defendant's profits pursuant to 15 U.S.C. § 1117 and/or New York State law;

6.  Disgorgement of Defendant's profits pursuant to 15 U.S.C. § 1117 and/or New York State law;

7.  A judgment trebling any damages award pursuant to 15 U.S.C. § 1117 and/or New York State law;

8.  Restitutionary relief against Defendant and in favor of LittleThings, including disgorgement of wrongfully obtained profits and any other appropriate relief;

9.  Costs of suit and reasonable attorneys' fees; and

10. Any other remedy which LittleThings may be entitled to at law or in equity, including all remedies provided for in 15 U.S.C. §§ 1116–18 and 1125; 17 U.S.C. §§ 502–05 and 1203; New York General Business Law § 349; and under any other federal and/or New York State law.

Dated: New York, New York
       September 15, 2017

                                    KLEIN MOYNIHAN TURCO LLP

                                    */s/ Sean A. Moynihan*

                                    Sean A. Moynihan
                                    Justin T. Kelton
                                    450 Seventh Avenue, 40th Floor
                                    New York, NY 10123
                                    (212) 246-0900
                                    *Attorneys for Plaintiff*